UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEREMY A. TERRY,               )<br>                                             )<br>            Petitioner,           )<br>                                             )<br>      v.                                  )<br>                                             )<br>RON RICE,                            )<br>                                             )<br>            Respondent.         ) | No. 1:06-cv-922-SEB-VSS |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Jeremy Terry ("Terry") for a writ of habeas corpus, on the respondent's return to order to show cause, and on the expanded record.

Whereupon the court, having read and considered such pleadings and record, and being duly advised, now finds that Terry's petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.  Terry is a state prisoner who seeks a writ of habeas corpus with respect to a prison disciplinary hearing identified as No. NCF 05-10-0054. In that case, he was found guilty at a hearing conducted on November 8, 2005, of violating prison rules by having tattooing self mutilation or possession of tattooing paraphernalia. The basis of the charge and of the conduct board's finding was that during the evening of October 31, 2004, Terry's personal property was being inspected in connection with his change in cell location. At that time, the officer inspecting the property discovered 3 large Polaroid (sic) batteries, a piece of wire (one end coiled like a spring, the other end straight and blackened from what appears to be heat), several traced pictures and 1 book of tattoo artwork.

2.  A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

   3.     In these circumstances, Terry was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   4.     Terry's claims in this action are the following: a) he was "denied right to request witness statement" and "the denial was not documented;" b) "he was denied the right to present documentary evidence;" c) "there was no confiscation form given to [him] at the time concerning the items confiscated;" d) the evidence is insufficient to support a guilty finding; and e) he "was misdirected by C.A. Penfold to appeal at a different facility which sanctioned" him, and "the time had lapsed to respond to [his] first appeal by Ron Rice, Superintendent of the New Castle Correctional Facility."

   5.     Terry's claims are uniformly without merit.

   a.     Terry first claims that he was denied the right to request witness statements and that this denial was not documented. The latter factor is not constitutionally required, and hence does not supply even an arguable basis for relief. The former factor also does not warrant relief in the circumstances of this case. The expanded record shows that when notified of the charge and advised of his procedural rights in connection with it, Terry did not request any witnesses. Although the parties dispute whether a later request was made, *Wolff* does not require that an untimely request for witness be made. An inmate cannot wait until the day of the hearing to request witnesses. *Sweeney v. Parke,* 113 F.3d 716, 719-20 (7th Cir. 1997)((where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765-66 (7th Cir. 2001). The same conclusion is reached with respect to Terry's claim that he was denied physical evidence, but in any event the condition and prior use of the tattooing artwork found in Terry's property would not have been exculpatory with respect to the present case. *See Wolff,* 418 U.S. at 566 (explaining that prison officials have the right and the responsibility to keep disciplinary proceedings within reasonable limits). No due process violation occurs in this context when the requested evidence is denied, but would have been irrelevant, repetitive, or unnecessary. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992).

   b.     Terry challenges the sufficiency of the evidence. The "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

    The weighing of conflicting evidence, moreover, is a task of the fact-finder, not a federal court exercising habeas corpus jurisdiction. See *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion") (quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the conduct report contains a first-hand account reciting the materials which were located and where and when they were located. The nature of the materials is not in dispute. Similarly, where they were found is not in dispute. This establishes Terry's possession of the materials. The nature and probable use of these materials was amply sufficient for a reasonable trier of fact to conclude that they were tattooing paraphernalia. Under these circumstances, therefore, the evidence was constitutionally sufficient. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented").

    c.    Terry claims that there were violations of prison regulations in connection with the challenged proceeding. Even assuming there is a factual basis for this claim, however, the mere violation of such a policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996).

    6.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Terry to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition must be **denied**. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED**.

Date: 11/03/2006

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana